**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN PATRICK FLETCHER,

    Plaintiff - Appellant,

v.

CELIA SCHWARTZ; DENT; EDWIN
HERNDON; HANSEN; DAVID LISAC;
JASON LENGERICH; RICK
RAEMISCH,

    Defendants - Appellees.

No. 18-1013
(D.C. No. 1:17-CV-01576-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

John Patrick Fletcher, a Colorado prisoner, filed a pro se civil rights complaint

against several prison officials alleging violations of his rights under the First,

Eighth, and Fourteenth Amendments. On screening, the district court dismissed his

federal claims as legally frivolous under 28 U.S.C. § 1915 and declined to exercise

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supplemental jurisdiction over his state-law claims. Exercising jurisdiction under

28 U.S.C. § 1291,[1] we affirm the district court's judgment.

## I. Background

Mr. Fletcher's second amended complaint is the operative complaint.[2]

Because all of his federal claims ultimately stem from his allegation that

Celia Schwartz, a legal assistant in the prison library, violated his right to freedom of

speech under the First Amendment, we repeat those allegations in their entirety:

> g.  On or about May 09, 2017, at approximately 09:50 a.m., in the prison law library, Defendant Schwartz and Mr. Fletcher had a disagreement over whether Mr. Fletcher was allowed to print a motion he needed to file with the court.

> h.  Defendant Schwartz stated that she was busy and was not willing to listen to Mr. Fletcher's rebuttal of her reasoning; further instructing him to sit down and stop engaging in his right to Freedom of Speech.

> i.  Mr. Fletcher immediately sat down and faced the computer monitor, as ordered.

> j.  Mr. Fletcher then, in a[] calm and measured manner, reminded Defendant Schwartz that the Freedom of Speech he was engaging in, was a constitutionally protected right, and Defendant Schwartz's order to stop engaging in such protected conduct, was a federal offense under 18 U.S.C. § 242, deprivation of rights under color of law.

> k.  Having been informed upon the premises of the unlawful nature of her actions – Defendant Schwartz repeated her unlawful order for

---

[1] Section 1291 provides, in relevant part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."

[2] After Mr. Fletcher filed his original complaint and a first amended complaint, a magistrate judge ordered him to file a second amended complaint that provided a short and plain statement of his claims in compliance with Fed. R. Civ. P. 8.

Mr. Fletcher to stop engaging in the protected right to Freedom of Speech.

l.      Further warning Mr. Fletcher that if he did not stop engaging in such protected conduct, Defendant Schwartz would retaliate against Mr. Fletcher, by calling for first-responders, (with both parties fully aware of the disciplinary consequences and punitive sanctions which would result).

m.      Despite Defendant Schwartz's threat of retaliation, Mr. Fletcher continued to exercise his protected right to Freedom of Speech, by reexplaining to Defendant Schwartz, in a calm and measured manner, that her order to stop engaging in the right to Freedom of Speech, was a federal offense under 18 U.S.C. § 242.

n.      Having been so informed, Defendant Schwartz followed through with her threat of retaliation against Mr. Fletcher, for engaging in the protected right to Freedom of Speech, and called for first-responders.

o.      (The facility security video footage of the law library shows that at no time during this exchange, did any of the prisoners present stop quietly working on their cases; as each prisoner was seemingly oblivious to Defendant Schwartz's unlawful conduct. As such, this particular usage of such power and authority, was not for any reasonable, neutral government/penological interest, but exercised solely for the personal reason of silencing a dissenting voice Defendant Schwartz did not want to hear.)

R. at 139-40 (footnote and emphasis omitted).

Mr. Fletcher alleged that Ms. Schwartz's conduct constituted "criminal victimization," *id.* at 142, which violated not only his First Amendment free speech rights (including his right not to be subject to retaliation for exercising his First Amendment rights), but also his rights to due process and equal protection, and his right to be free from cruel and unusual punishment.

Mr. Fletcher further alleged that the other defendants, ranging from correctional officers to the Executive Director of the Colorado Department of Corrections, each violated his constitutional rights by failing or refusing to notify law

3

enforcement of his criminal victimization by Ms. Schwartz, specifically her violation

of 18 U.S.C. § 242, which provides in relevant part:

> Whoever, under color of any law . . . willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . shall be fined under this title or imprisoned not more than one year, or both[.]

The district court dismissed Mr. Fletcher's second amended complaint as legally frivolous because "none of the forty claims set forth a violation of Plaintiff's constitutional rights." R. at 167.

## II. Discussion

"We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion. However, where the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir 2006) (citation omitted). "A district court may deem an in forma pauperis complaint frivolous only if it lacks an arguable basis either in law or in fact." *Id.* (internal quotation marks omitted). "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, frivolous claims are those "based on an indisputably meritless legal theory" or "describing fantastic or delusional scenarios." *Id.* at 327-28. But a complaint is not automatically frivolous because it fails to state a claim on which relief may be granted. *Id.* at 331.

4

Applying these standards, we respectfully disagree with the district court's conclusion that Mr. Fletcher's federal claims are frivolous. His claims are not based on fanciful factual allegations. Nor does he assert unrecognizable legal theories or "infringement of a legal interest which clearly does not exist." *Id.* at 327. But we agree with the district court that the facts he alleged do not set forth violations of the constitutional rights that he asserted. As such, his federal claims are subject to dismissal under § 1915(e)(2)(B)(ii) for failure to state claims on which relief can be granted, rather than for frivolousness under subsection (e)(2)(B)(i). Thus, we affirm the dismissal of Mr. Fletcher's complaint under § 1915(e)(2)(B).[3]

### A. Claims Against Ms. Schwartz

Mr. Fletcher's primary contention is that Ms. Schwartz violated his First Amendment right to freedom of speech. The Supreme Court has "adopted a unitary, deferential standard for reviewing prisoners' constitutional claims: When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (brackets and internal quotation marks omitted). The same reasonable-relation test applies when a prisoner challenges an action by a particular official, rather than a prison regulation. *See Boles v. Neet*, 486 F.3d 1177, 1181 n.4 (10th Cir. 2007) ("Although plaintiff is not challenging a prison regulation per se, but

---

[3] Mr. Fletcher does not challenge the district court's decision not to assert supplemental jurisdiction over his remaining state-law claims.

5

rather [the warden's] individual actions, [the reasonable-relation test] is no less applicable.").

To avoid dismissal, Mr. Fletcher's First Amendment claim against Ms. Schwartz "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010) (internal quotation marks omitted). In making this plausibility determination, context matters. *Id.* at 1185.

> Nowhere in the law does context have greater relevance to the validity of a claim than prisoner civil-rights claims. Prisons are a unique environment, and the Supreme Court has repeatedly recognized that the role of the Constitution within their walls is quite limited. Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison. Consequently, a prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts. For example, . . . a prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply.

*Id.* Although we will liberally construe a pro se complaint, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Liberally construing Mr. Fletcher's non-conclusory allegations, his First Amendment claim against Ms. Schwartz asserts the following facts: at a particular date and time, Ms. Schwartz stated she was busy and would not permit Mr. Fletcher to print a motion that he needed to file with a court. When he voiced his

6

disagreement with her decision, Ms. Schwartz was not willing to listen. She instead ordered him to sit down and stop repeating his complaint. Despite Ms. Schwartz's warning that she would call first responders, Mr. Fletcher persisted in voicing his disagreement with her order, asserting his right to do so under the First Amendment and informing Ms. Schwartz that her conduct violated 18 U.S.C. § 242. Ms. Schwartz eventually called first responders, who escorted Mr. Fletcher out of the prison library. During his exchange with Ms. Schwartz, Mr. Fletcher remained calm, and other prisoners in the library continued to quietly work on their cases.

These allegations fail to state a plausible First Amendment claim against Ms. Schwartz. As the Supreme Court has recognized, "In a prison context, an inmate does not retain those First Amendment rights that are inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977) (internal quotation marks omitted). And it is Mr. Fletcher's burden to demonstrate through his allegations that there was no legitimate basis for Ms. Schwartz's conduct. *See Al-Owhali v. Holder*, 687 F.3d 1236, 1240-41 (10th Cir. 2012) (upholding dismissal of First Amendment challenge to limitations on prisoner's communications with relatives because he failed to plead facts showing defendants lacked a legitimate penological interest in limiting his correspondence). Mr. Fletcher's allegations that he remained calm and did not disrupt the other prisoners' legal work do not demonstrate that Ms. Schwartz had no legitimate basis to order him to cease arguing with her. Nor did Mr. Fletcher plead any other facts showing that the usual

7

justification for not permitting a prisoner to repeatedly question a staff member's decision—the need to maintain order in a prison setting— did not apply in this case. *See Gee*, 627 F.3d at 1185 (requiring prisoners to allege facts explaining "why the usual justifications for the complained-of acts do not apply"). In sum, he failed to plead that Ms. Schwartz's conduct was not "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).[4]

Mr. Fletcher's other claims against Ms. Schwartz are based on the same facts as her alleged violation of his First Amendment right to freedom of speech. He therefore also failed to plead a plausible claim that Ms. Schwartz retaliated against him for exercising his First Amendment rights. Nor do these facts plead plausible claims that Ms. Schwartz violated his rights to due process or equal protection, or subjected him to cruel and unusual punishment. Consequently, all of Mr. Fletcher's claims against Ms. Schwartz were properly dismissed pursuant to § 1915(e)(2)(B).

---

[4] We note, as well, that Mr. Fletcher did not plead any facts showing that he lacked alternative means, such as the prison grievance system, to lodge his complaint about Ms. Schwartz's decision not to allow him to print his motion. *See Jones*, 433 U.S. at 130 & n.6 (noting "First Amendment speech rights are barely implicated in this case," in part, because "[t]he State has not hampered the ability of prison inmates to communicate their grievances to correctional officials" through a grievance procedure). Nor did Mr. Fletcher plead facts showing that accommodation of a prisoner's right to verbally voice such complaints, without restriction, would have no significant impact on guards and other inmates. *See Turner*, 482 U.S. at 90 ("When accommodation of an asserted right will have a significant 'ripple effect' on fellow inmates or on prison staff, courts should be particularly deferential to the informed discretion of corrections officials."). The absence of such allegations further demonstrates that Mr. Fletcher failed to set forth a plausible First Amendment claim against Ms. Schwartz. *See Gee*, 627 F.3d at 1185 (noting "a prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts").

8

**B.     Claims Against the Other Defendants**

All of Mr. Fletcher's claims against the other defendants are based upon their failure or refusal to report to law enforcement authorities his so-called criminal victimization, specifically Ms. Schwartz's alleged criminal violation of his First Amendment rights under 18 U.S.C. § 242.  But having failed to plead a plausible civil claim of a constitutional violation against Ms. Schwartz, Mr. Fletcher likewise did not plead facts showing that her conduct amounted to a criminal violation of his constitutional rights.  Like 42 U.S.C. § 1983, § 242 requires a deprivation of a constitutional right under color of law.  *See* 18 U.S.C. § 242 ("Whoever, under color of any law . . . willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution . . . shall be fined under this title or imprisoned not more than one year, or both[.]"); *see also United States v. LaVallee*, 439 F.3d 670, 687 (10th Cir. 2006) ("Section 242 makes it criminal to act (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution . . . ." (internal quotation marks omitted)); *Berry v. City of Muskogee*, 900 F.2d 1489, 1501 n.17 (10th Cir. 1990) (noting § 242 is the "criminal civil rights act counterpart" of § 1983).  Thus, absent facts supporting a plausible criminal violation by Ms. Schwartz, Mr. Fletcher's claims against the other

defendants likewise fail to plausibly assert constitutional violations based on their failure or refusal to report his alleged "criminal victimization" by Ms. Schwartz.

## C. Other Contentions on Appeal

Mr. Fletcher raises several contentions regarding the district judge and magistrate judge who presided in this case. He fails to demonstrate that either judge was biased in deciding any of his motions or in dismissing his second amended complaint. Nor does he show that either judge "knowingly concealed the actual commission of multiple federal felonies from discovery by federal law enforcement." Aplt. Opening Br. at 11. Mr. Fletcher's request for a change of venue on remand is mooted by this court's affirmance of the district court's judgment.

Lastly, Mr. Fletcher argues that 18 U.S.C. § 4 is unconstitutional.[5] It is unclear how this contention relates to Mr. Fletcher's claims of error in the district court's dismissal of his second amended complaint. But in any event, we do not address this argument because Mr. Fletcher did not raise it in the district court. "An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007). Mr. Fletcher did not include a claim challenging § 4 in his second amendment complaint. And he fails to cite any other place in the record where this

---

[5] This statute provides: "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both." 18 U.S.C. § 4.

contention was raised and then ruled on by the district court.  *See* 10th Cir. R.

28.2(C)(2); *Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1141-42.  Nor has he argued

for plain error review.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31

(10th Cir. 2011) (noting appellant's failure to assert plain error "surely marks the end

of the road for an argument for reversal not first presented to the district court").

## III.    Conclusion

The judgment of the district court is affirmed.  Mr. Fletcher's motion for leave

to proceed on appeal without prepayment of fees and costs and his motion for leave

to amend his appeal brief are granted.  All other pending motions are denied.

Entered for the Court


Joel M. Carson
Circuit Judge

11